UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 25-01441-SPG-SSC | Date | March 18. 2025 |
|---|---|---|---|
| Title | Larry Dunn v. Yardkarim Farajollah et al | | |

| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
|---|---|
| Patricia Gomez<br>Deputy Clerk | Not Reported<br>Court Reporter / Recorder |
| Attorneys Present for Plaintiff:<br>Not Present | Attorneys Present for Defendants:<br>Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIM**

The Complaint filed in this action asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12010-12213, and a claim for damages pursuant to California's Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ. Code §§ 51-53. It appears that the Court possesses only supplemental jurisdiction over the Unruh Act claim, and any other state law claim that plaintiff may have alleged, pursuant to the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).

The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and *at every stage of the* litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (emphasis added) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). The Court therefore orders plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim and any other state law claim asserted in the Complaint. *See* 28 U.S.C. § 1367(c).

In responding to this Order to Show Cause, plaintiff shall identify the amount of statutory damages plaintiff seeks to recover. Plaintiff and plaintiff's counsel shall also support their responses to the Order to Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Civil Procedure Code sections 425.55(b)(1) & (2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 25-01441-SPG-SSC | Date | March 18, 2025 |
| Title | Larry Dunn v. Yardkarim Farajollah et al | | |

**Plaintiff shall file a Response to this Order to Show Cause within fourteen (14) days of this order**. Failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in either the dismissal of the entire action without prejudice or the Court declining to exercise supplemental jurisdiction over the Unruh Act and other state law claims, if any, and the dismissal of any such claims pursuant to 28 USC § 1367(c).

IT IS SO ORDERED.

_____ : _____
Initials of Preparer    PG